# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| OSVALDO ACEVEDO, ET AL. | : CIVIL ACTION |
| v. | : |
| | : NO. 04-100 |
| GOVERNMENT OF THE VIRGIN ISLANDS, ET AL. | : |

## MEMORANDUM OPINION

Savage, J                                                                         November 2, 2009

In this contract and negligence case, the plaintiffs[1] contend that as third-party beneficiaries to a federal government-funded roof repair program for Virgin Islands homeowners, they suffered damages when the contractor hired by the Government of the Virgin Islands negligently and improperly performed roof repairs, resulting in structural damage to their home. They name as defendants the Federal Emergency Management Agency ("FEMA") through the United States of America ("United States"), which funded the program; the Government of the Virgin Islands, which administered the program; and John Hamilton and the Hamilton Construction Company (the "Hamilton defendants"), who performed the repairs[2]. The Acevedos assert claims for breach of contract and negligence against all defendants (Count I)[3]; and breach of

---

[1] Carmen Acevedo and her husband Osvaldo (the "Acevedos") were originally both plaintiffs in this suit. Upon Osvaldo's death, Carmen Acevedo remained as plaintiff in the suit in her own right and as representative of her husband's estate.

[2] The plaintiff settled her claims against the Government of the Virgin Islands, Hamilton Construction Company and John Hamilton. The sole remaining defendant is the United States of America.

[3] Although Count I is labeled "Breach of Contract," the Acevedos later asserted that the Count includes tort claims. *See* Pls.' Opp. Mot. 10

1

warranty, negligence and misrepresentation against the Hamilton defendants only (Counts II-IV).

The United States has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against the United States. It contends that the action is barred by the doctrine of sovereign immunity, and the complaint fails to state a cause of action against the United States.

After considering the allegations of the complaint as true and drawing all reasonable inferences in the light most favorable to the Acevedos, we conclude that there is no subject matter jurisdiction over the claims against the United States. 28 U.S.C. §§ 1346(a)(2) and 1491. With respect to the contract cause of action, because the Acevedos have not waived damages in excess of $10,000.00, the Tucker Act, 28 U.S.C. § 1491, deprives the district court of jurisdiction. Giving the Acevedos the benefit and construing the complaint as alleging a tort claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), they have failed to comply with the jurisdictional notice requirements. Therefore, the United States' motion to dismiss will be granted.

## BACKGROUND

In 1998, the Acevedos applied for the installation of a new roof for their house through the Home Protection Roof Program (the "Program") of the Government of the Virgin Islands, a program funded by FEMA. Compl. ¶ 9. The Program contracted with the Hamilton defendants to install the new roof. *Id.* ¶ 10. Because Hamilton failed to install support columns, the weight of the new roof caused the walls to crack, compromising the building's structural integrity. *Id.* ¶ 12.

2

The Acevedos claim that as a result of the damage, "their home has been destroyed . . . and they have suffered severe physical, psychological and emotional damages[;] mental anguish, pain and suffering, and loss of enjoyment of life." *Id.* ¶¶ 17-18. They "seek damages as they may appear, cost and fees and such other relief as this court deems fair and just." *Id.*

The United States is named only in "Count I Breach of Contract." *See Compl.* ¶¶ 8-18. The Acevedos allege that jurisdiction is proper because the United States is a party to the action pursuant to "13 U.S.C. § 1346" — a non-existent statute. Instead of filing an amended complaint, they attempted to clarify their claims in their opposition to the United States' motion to dismiss. The Acevedos now assert that jurisdiction is appropriate pursuant to the Federal Tort Claims Act, as codified in 28 U.S.C. § 1346(b)(1), *Pl. Opp. Mot. To Dismiss at 10*, arguing that although their damages are the result of a breach of contract involving the United States, "the gist of the Plaintiff's claims sound in torts." *Id.* at 18. Further confounding their position, the Acevedos contend that they "have also stated a cause of action against FEMA for breach of contract for the damage to their property." *Id.* at 13. Then, they insist they had not stated a cause of action for breach of contract "because the mere fact that a claimant and the United States are in a contractual relationship does not convert a claim that would otherwise be for tort into one sounding in contract." *Id.* at 16. In light of these contradictory arguments, we shall assume the Acevedos assert both contract and tort causes of action.

**LEGAL STANDARD**

In examining a motion to dismiss for failure to state a claim under Federal Rule

3

of Civil Procedure 12(b)(6), we accept all of the well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Anspach v. City of Philadelphia*, 503 F.3d 256, 260 (3d Cir. 2007). The standard is not whether the Acevedos can prove their contentions.

## DISCUSSION

### Federal Tort Claims Act

Before a tort action can be brought against the United States, the Federal Tort Claims Act requires written presentation of the claim to the agency and a denial by that agency.[4] Notice of the claim, which includes a written notification of the incident involved and a claim for money damages in a sum certain, must be filed with the relevant federal agency within two years. *Bruno v. United States Postal Serv.*, 264 Fed. Appx. 248 (3d Cir. 2008); *Tucker v. United States Postal Service*, 676 F.2d 954, 956 (3d Cir. 1982). Then, before suit can be filed, the claimant must receive a written "final denial" of the claim from the agency by mail, or the agency fails to make a final disposition on the claim for a period of six months.[5] *See* 28 U.S.C. § 2675(a). "The

---

[4] The Federal Tort Claims Act states in relevant part:

> the District Court of the Virgin Islands[] shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

[5] 28 U.S.C. § 2675(a) provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the

4

final denial requirement is 'jurisdictional and cannot be waived.'" *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009) (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)). The agency's failure to act on the notice of claim within six months is deemed a denial for purposes of satisfying the jurisdictional prerequisite. After the denial of the claim, the claimant may file suit in the district court or file a request for reconsideration directly with the agency within six months of the final denial or inaction. *Id.*

Pursuant to 28 U.S.C. § 2401(b):

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The Acevedos bear the burden of demonstrating that subject matter jurisdiction exists. *See Lightfoot*, 564 F.3d at 627. They have not met their burden. The United States has submitted uncontroverted evidence that the Acevedos did not file any claim with FEMA. *See* Decl. of Edward A. Broyles, attached to Defs.' Mem. at Ex. C. Because the Acevedos failed to present their tort claims to FEMA within two years of their alleged injuries, their tort claims are barred by the time limits of the Federal Tort Claims Act.

**Tucker Act**

Jurisdiction over non-tort monetary claims against the United States is governed

---

agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

by the Tucker Act, 28 U.S.C. §§ 1346, 1491, which is a statute waiving sovereign immunity in limited circumstances. The "Little Tucker Act," 28 U.S.C. § 1346(a)(2), vests concurrent jurisdiction in the district courts and the Court of Federal Claims over non-tort monetary claims not exceeding $10,000 against the United States. *Chabal v. Reagan*, 822 F.2d 349, 353 (3d Cir. 1987). Under the "Big Tucker Act," 28 U.S.C. § 1491, the Court of Federal Claims has exclusive jurisdiction over claims seeking more than $10,000. *Id.* Thus, only if they waive claims for damages in excess of $10,000, may the plaintiffs remain in the district court. *See Id.*

The Acevedos assert that the Tucker Act is inapplicable to their action against the United States. Yet, they provide no other basis to overcome the United States' sovereign immunity in a breach of contract action. Additionally, they claim damages in excess of $10,000. Although they were placed on notice that their claim exceeded the jurisdictional monetary limit, they have not waived any claims for excess damages. Therefore, there is no subject matter jurisdiction over the breach of contract claim against the United States.

## CONCLUSION

There is no subject matter jurisdiction over the United States, and the territorial claims against the remaining defendants have been settled. Therefore, this action will be dismissed.